IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3100-FL

| | | |
|---|---|---|
| DARRYL BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, BUREAU OF PRISONS, TED | ) | |
| PALUCH, MICHAEL WILLIAMS, and D. | ) | |
| JOHNSTON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' second motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 40). The motion was briefed fully and in this posture the issues raised are ripe for ruling. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint on April 10, 2019, asserting claims for violations of his civil rights pursuant to pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb <u>et seq.</u>, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The complaint alleges defendants served plaintiff pork during Ramadan, in violation of his rights to freely exercise his religion under the First Amendment and the RFRA. Plaintiff further alleges defendants' conduct amounted to intentional infliction emotional distress under North Carolina law and the FTCA. Plaintiff seeks compensatory and punitive damages, and various forms of injunctive relief.

On March 16, 2021, the court granted in part and denied in part defendants' first motion to dismiss. The court denied the motion to the extent defendants argued that plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act, finding that the defense was not capable of resolution on a motion to dismiss. The court also denied the motion to the extent defendants moved to dismiss plaintiff's FTCA or RFRA claims. The motion was granted, however, as to plaintiff's First Amendment claim.

On March 30, 2021, defendants filed the instant second motion to dismiss, arguing that plaintiff's FTCA claim is barred because he failed to present the claim to the appropriate administrative authorities before filing this action, that any official capacity claims under RFRA are barred by sovereign immunity, that the individual defendants are entitled to qualified immunity on the RFRA claims, and that any claims seeking injunctive relief are now moot. Plaintiff responded in opposition on April 20, 2021.

## STATEMENT OF THE FACTS

The facts, as alleged in plaintiff's complaint, may be summarized as follows. Plaintiff, a federal inmate, is an observant Sunni Muslim. (Compl. (DE 1-1) ¶ 4). His religious beliefs proscribe "consuming pork or pork by-products." (Id. ¶ 5). While housed at the Federal Correctional Center in Butner, North Carolina, defendants "maliciously prepared and served pork and pork by-products to plaintiff during and after [the] 'Ramadan' fast without fair warning." (Id. ¶¶ 4, 6, 8).

The individual defendants, Ted Paluch ("Paluch"), Michael Williams ("Williams"), and D. Johnston ("Johnston") are Federal Bureau of Prisons ("FBOP") employees responsible for food service at FCI-Butner Low. (Id. ¶¶ 11-13). Defendant Paluch, in particular, is responsible for

2

developing and maintaining daily meal plans and menu requirements, including any religious dietary accommodations. (Id. ¶¶ 13(a), 13(e), 22). In June 2018, defendants failed to advise plaintiff that certain foods served to plaintiff contained pork products. (Id. ¶¶ 13(e), 17, 36; Compl. Exs. (DE 1-2) at 1).[1] Because plaintiff inadvertently consumed pork products, he violated his sincere religious beliefs and suffered stomach ailments and emotional distress. (Compl. (DE 1-1) ¶¶ 4-5, 31, 38).

**COURT'S DISCUSSION**

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond,

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

   1.  FTCA Claim

Defendants argue plaintiff failed to exhaust administrative remedies with respect to his FTCA claim for intentional infliction of emotional distress. The FTCA waives the United States' sovereign immunity for "claims arising out of torts committed by federal employees." Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2008). An FTCA plaintiff must first present the tort claim to the appropriate federal agency and receive notice of denial of the claim by that agency before filing a civil action in federal court. The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the
4

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Section 2675(a)'s presentment requirement is a jurisdictional prerequisite to the institution of a tort action under the FTCA. McNeil v. United States, 508 U.S. 106, 111, 113 (1993); Plyler v. United States, 900 F.2d 41, 42–43 (4th Cir. 1990). The administrative regulations provide that a claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident." 28 C.F.R. § 14.2(a). The notice therefore must "sufficiently describ[e] the injury to enable the agency to begin its own investigation." Ahmed v. United States, 30 F.3d 514, 516–17 (4th Cir. 1994) (quotations omitted).

Here, plaintiff filed one administrative claim with the FBOP pursuant to the FTCA regulations. (See DE 42-1 at 2).[2] The statement of claim alleges that FCC-Butner food service staff "violated claimant's religious right under the 1st Amendment by serving pork products during and after Ramadan without fair warning" and that plaintiff "sustained a First Amendment injury." (Id.). The FBOP denied the claim because constitutional claims are not cognizable under the FTCA. (DE 42-2).

Plaintiff's complaint, however, alleges an FTCA claim for intentional infliction of emotional distress. (DE 1-1 ¶¶ 38–40). Such a claim requires allegations showing: "1) extreme

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

5

and outrageous conduct by the defendant; 2) which is intended to and does in fact cause; 3) severe emotional distress." Waddle v. Sparks, 331 N.C. 73, 82 (1992). Plaintiff's administrative statement of claim did not allege any facts suggesting a claim or injury for intentional infliction of emotional distress under the foregoing standard. (See DE 42-1 at 2); Ahmed, 30 F.3d at 516–17 (requiring that the notice sufficiently describe the injury). The only "injury" described in the administrative claim is a "First Amendment" injury, for which the FTCA does not provide a remedy. (DE 42-1 at 2); FDIC v. Meyer, 510 U.S. 471, 478 (1994). The administrative claim therefore did not provide sufficient notice where the allegations do not remotely suggest plaintiff suffered emotional distress or other relevant tort injury. See Ahmed, 30 F.3d at 517. Accordingly, plaintiff did not properly present his claim to the FBOP before bringing this action.

Plaintiff argues that dismissal on this ground is premature because he has not been afforded the opportunity to conduct discovery. As noted above, the court may consider matters outside the pleadings when ruling on a motion to dismiss for lack of subject matter jurisdiction. See Richmond, Fredericksburg & Potomac R., 945 F.2d at 768. And here, discovery is unnecessary where plaintiff has personal knowledge of whether he filed additional administrative tort claims beyond one discussed above. See Pisano v. Strach, 743 F.3d 927, 931–32 (4th Cir. 2014) (concluding district court properly denied request for additional discovery where the plaintiffs had access to the relevant materials); see also Shaw v. Bank of America Corp., 946 F.3d 533, 542 (9th Cir. 2019) (holding "discovery as to whether [administrative exhaustion] actually occurred was unnecessary because it was within [the plaintiff's] personal knowledge") (quotations omitted). Because plaintiff fails to offer any evidence suggesting he filed additional administrative tort

claims, he has not established that the court should defer ruling on the instant motion pending discovery.

Plaintiff also suggests that he complied with the administrative exhaustion requirement by filing requests for administrative remedies with the FBOP. The procedure for exhausting FBOP administrative remedies, however, is distinct from the procedures for presenting administrative tort claims to the federal agency under the FTCA. Compare 28 C.F.R. § 542.10 et seq. with 28 C.F.R. § 14.1 et seq. As set forth above, the FTCA requires plaintiff to exhaust a distinct administrative procedure as a jurisdictional precondition to filing suit. Ahmed, 30 F.3d at 516–17. The FBOP's administrative remedy procedure is not sufficient.

In sum, plaintiff failed to exhaust FTCA administrative remedies, and the court therefore lacks jurisdiction to consider the FTCA claim. See id. This claim is dismissed without prejudice to refiling after exhaustion of administrative remedies.

The court next turns to plaintiff's RFRA claims and any standalone claims for injunctive relief. Plaintiff did not respond to any of defendants' arguments that these claims are subject to dismissal under Rule 12(b)(6). (See DE 46). Accordingly, plaintiff has waived his right to argue that that these claims survive defendants' challenges. See Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief."); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (explaining that when a party fails to respond to a motion to dismiss, the district court is entitled to dismiss the claim "on the uncontroverted bases asserted therein"). Here, plaintiff's official capacity claims under RFRA are barred by sovereign immunity, claims seeking injunctive relief are now moot, and plaintiff has failed to carry his burden of establishing a RFRA violation in response to

defendants' assertion of qualified immunity.  See Henry v. Purnell, 501 F.3d 374, 377–78 (4th Cir. 2007) (plaintiff bears the burden of establishing first prong of qualified immunity standard). Accordingly, plaintiff's remaining claims must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 40) is GRANTED. Plaintiff's FTCA claim is dismissed without prejudice, and all remaining claims are dismissed with prejudice. The clerk is directed to close this case.

SO ORDERED, this the 29th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge !